IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE L. DAVIS, | No. 2:11-cv-2296-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| HIGH DESERT STATE PRISON, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

   Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

1

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  While petitioner indicates he has a learning disability, he has demonstrated sufficient writing ability and legal knowledge to articulate his claim and communicate effectively with the court.  The facts he alleges and the issues raised in this case are not of substantial complexity.  Based on the limited information before the court at this time, including the exhibits plaintiff has submitted, it does not appear that there is a high likelihood of success on the merits of plaintiff's claims.  Rather, as the only remaining claim involves plaintiff's pain medication, it appears likely that there was simply a difference in opinion between plaintiff and his doctors as to the proper amount of pain medication he should be receiving.

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for the appointment of counsel (Docs. 63, 64) are denied.

DATED:  October 29, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE