**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRENCE L. DAVIS, | No. 2:11-cv-2296-GEB-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| HIGH DESERT STATE PRISON, et al., | |
| Defendants. | |
| / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court plaintiff's request for competency determination hearing (Docs. 85, 87).

Plaintiff is requesting a competency determination under Rule 17(c) of the Federal Rules of Civil Procedure, and the appointment of a guardian ad litem. Rule 17(c)(2) provides that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action.

///

1

Under California law, "'a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case.'" AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042 (E.D. Cal. 2015) (quoting Golden Gate Way, LLC v. Stewart, No. 09-04458, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). A district court will abuse its discretion where it fails to hold a competency hearing or otherwise consider the claim of incompetence prior to dismissing an action where there is sufficient evidence of a party's incompetence. See id. at 1153-54.

In support of his motion, plaintiff submits a declaration and some medical records. In his declaration, plaintiff states that due to his mental and emotion state, it is hard for him to focus and it takes him a long time to read, write and process documents. He states he is under the care of psychiatric doctors, and is part of the Enhanced Outpatient Treatment Program (EOP). He has been diagnosed with schizoaffective bipolar disorder and a learning disability. He also states he has difficulties with the access to the prison law library. The medical records plaintiff provides indicate he has been diagnosed with schizoaffective disorder, antisocial personality disorder, and borderline personality disorder. In August 2003, his GAF score was 50. In 2015, plaintiff was considered a danger to himself due to attempted suicide, and was ordered involuntarily administered psychotropic medication for a year. The medication order, however, was not renewed in July 2015, and has expired.

The undersigned does not find the information plaintiff provides to the court to be substantial evidence of his incompetence. A diagnosis of schizoaffective bipolar disorder is not equivalent to a determination that the individual is incompetent. Plaintiff was involuntarily medicated as a result of a risk of suicide, not because he was unable to understand and cooperate with his treatment. In addition, the involuntary medication order expired prior to plaintiff's request for a competency order, which does not supports his claim of incompetence. Plaintiff has

2

been an active participant in this litigation, and his pleadings are sufficiently clear to indicate he understands these proceedings and is able to articulate his claims and position.  He understands enough about this action, for instance, to request additional time for responding when necessary.  Indeed, even in his moving papers, plaintiff does not argue he is unable to understand these proceedings, only that he is a slow reader.  It appears to the court that plaintiff's chief complaint is not that he is actually incompetent, but that he has had insufficient access to the prison law library in order to complete his opposition to the defendants' motion for summary judgment.  This has been an on going issue in this case, and plaintiff has received several extensions of time to file his opposition.  However, frustration over access to the law library is not a showing that plaintiff is incompetent and is unable to understand these proceedings and prosecute this case.

Defendants oppose the motion for incompetency determination, arguing plaintiff has not provided sufficient evidence of incompetence.  Defendants suggest the proper remedy would be to provide plaintiff with additional time in which to respond to the motion for summary judgment.  The undersigned agrees.  However, the motion for summary judgment has been pending for well over a year.  Plaintiff has requested and received several extensions of time to file his opposition.  In fact, the prior order granting plaintiff's last request informed plaintiff that further extensions would not likely be granted, and the court requested defendants do what they could to make sure plaintiff was not being blocked from library use.  It was after this last order that plaintiff filed his request for a competency determination.

With that background, and the additional information plaintiff provided in his motions for competency hearing, the court will allow another extension of time.  However, the court is not able or willing to prolong this case indefinitely.  Plaintiff is required to file his opposition to the pending motion for summary judgment within 30 days of the date of this order, or the court will address the motion without his opposition.

Accordingly, IT IS HEREBY ORDERED that:

  1. Plaintiff's motion for competency determination hearing (Docs. 85, 87) are

denied; and

      2.    Plaintiff's opposition to defendants' motion for summary judgment shall be filed within 30 days of the date of this order.

DATED: August 10, 2016

                                                                                   **CRAIG M. KELLISON**
                                                                                   UNITED STATES MAGISTRATE JUDGE